UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GLOBAL EQUIPMENT COMPANY INC., <br><br> Plaintiff(s), <br><br> v. <br><br> GLOBAL STORAGE EQUIPMENT MANUFACTURER LIMITED, et al., <br><br> Defendant(s). | CASE NO. C25-1269-KKE <br><br> ORDER AUTHORIZING ALTERNATIVE SERVICE AND RE-NOTING MOTION FOR PRELIMINARY INJUNCTION |

In its complaint for trademark infringement and other related claims, Plaintiff Global Equipment Company Inc. ("Global Equipment") describes itself as "one of America's leading distributors of industrial equipment and supplies," and contends that Defendant Global Storage Equipment Manufacturer Limited ("GSE") "appends generic industrial terminology" to Global Equipment's trademark, "markets its product in virtually the same channels[,]" and "uses a logo that closely resembles [Global Equipment's] branding in both color and commercial impression." Dkt. No. 1 ¶¶ 2, 5. Global Equipment's complaint, filed on July 7, 2025, also claims that Defendants Certified Warehouse Equipment Inc. and All Lift Warehouse Solutions Inc. coordinated with GSE to market GSE's infringing goods in the United States. Dkt. No. 1 ¶ 27.

On July 14, 2025, Global Equipment filed an *ex parte* motion for a preliminary injunction and alternative service. Dkt. No. 8.[1] Although Global Equipment has mailing addresses for Defendants, which are Chinese and Canadian entities (*see* Dkt. No. 3), Global Equipment seeks Court approval to serve the summons, complaint, and the preliminary injunction motion on Defendants via email. Dkt. No. 8 at 29. Although Global Equipment could serve Defendants in compliance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, it emphasizes that Defendants have not responded to cease-and-desist letters mailed to them and that Defendants' advertisements suggest that they prefer digital and online communication for business purposes. Dkt. No. 9 ¶¶ 13–14, 22–23. Accordingly, in the interest of expediting this litigation, Global Equipment requests leave to serve Defendants via the email addresses associated with each of their selling accounts. *See* Dkt. No. 8-2 at 3.

Federal Rule of Civil Procedure 4(h)(2) governs service of process on foreign corporations and states that foreign corporations may be served "in any manner prescribed by Rule 4(f) for serving an individual" in a foreign country. Rule 4(f) provides three separate means to complete international service; one is not preferred over another. *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). Global Equipment seeks to serve Defendants under Rule 4(f)(3), which permits service "by other means not prohibited by international agreement, as the court orders." The Ninth Circuit requires that service under Rule 4(f)(3) satisfies three requirements: (1) it "must not be prohibited by international agreement"; (2) it "must comport with constitutional notions of due process"; and (3) "the facts and circumstances of the present case necessitate[] the district court's intervention." *Rio Props.*, 284 F.3d at 1015–16. The district court

---

[1] This order refers to docket entries by their CM/ECF page numbers.

ORDER AUTHORIZING ALTERNATIVE SERVICE AND RE-NOTING MOTION FOR PRELIMINARY INJUNCTION - 2

retains "discretion … to balance the limitations of email service against its benefits in any particular case." *Id*. at 1018.

Here, the three requirements for Rule 4(f)(3) service are satisfied. First, there is no international agreement prohibiting service via email to Chinese or Canadian entities. Second, service by email would comport with due process because it appears that Defendants use email in their business operations, and thus Global Equipment's emails would be reasonably calculated to notify Defendants of this action and the pending motion. *See, e.g.*, *Amazon.com, Inc. v. Dafang HaoJiafu Hotpot Store*, No. C21-0766RSM, 2021 WL 4307067, at *1 (W.D. Wash. Sep. 22, 2021) (concluding that service by email would provide sufficient notice where plaintiffs showed that defendants conducted business through the Internet).

Third, service by email would allow Global Equipment's preliminary injunction motion to be resolved in a timely manner. Because Rule 65(a)(1) requires that a preliminary injunction be issued only with notice to the adverse party, permitting service by email here will allow the Court to consider the remainder of Global Equipment's pending motion more expeditiously than if it were served under the Hague Convention. *See FitTrack Inc. v. Hyperzoo Tech. Ltd.*, No.: 23-CV-536 TWR (NLS), 2023 WL 2705844, at *5 (S.D. Cal. Mar. 29, 2023) (approving service by email because "the time-sensitive nature of Plaintiff's request for a preliminary injunction renders it challenging to use traditional means of service to provide Defendants with timely notice of Plaintiff's Motion before the hearing date").

Accordingly, the Court GRANTS Global Equipment's request to allow alternative service (Dkt. No. 8), authorizing it to serve a copy of the summons and complaint, as well as the motion for preliminary injunction and the associated declaration, on Defendants via email to the verified email addresses associated with their selling accounts as follows:

(1) Defendant GSE at sales@global-racking.com

ORDER AUTHORIZING ALTERNATIVE SERVICE AND RE-NOTING MOTION FOR PRELIMINARY INJUNCTION - 3

(2) Defendant Certified Warehouse Equipment Inc. at mario@cwe.ltd

(3) Defendant All Lift Warehouse Solutions Inc. at info@alllift.ca

Global Equipment shall file proof of service no later than July 18, 2025. The proof of service shall indicate whether a bounce-back notification of undeliverability was received.

The remainder of the motion for preliminary injunction (Dkt. No. 8) will be ruled upon after it is ripe, but the clerk is directed to re-note the motion for two reasons. First, the 2026 noting date appears to be in error. *See id*. at 1 (listing the noting date as August 11, 2025). Second, to account for Defendants' delayed notice of the motion, and provide them with their full opportunity to respond to the motion, the clerk shall RE-NOTE the motion for August 15, 2025.

Dated this 16th day of July, 2025.

Kymberly K. Evanson
United States District Judge

ORDER AUTHORIZING ALTERNATIVE SERVICE AND RE-NOTING MOTION FOR PRELIMINARY INJUNCTION - 4