1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GLOBAL EQUIPMENT COMPANY INC., <br><br> Plaintiff(s), <br> v. <br><br> GLOBAL STORAGE EQUIPMENT MANUFACTURER LIMITED, et al., <br><br> Defendant(s). | CASE NO. C25-1269-KKE <br><br> ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY INJUNCTION |

Plaintiff Global Equipment Company Inc. filed this trademark infringement action in July 2025 and shortly thereafter filed a motion for preliminary injunction. Dkt. Nos. 1, 8.[1] Plaintiff also requested authorization to serve Defendants Global Storage Equipment Manufacturer Limited, Certified Warehouse Equipment Inc., All Lift Warehouse Solutions Inc., and Does 1–20 with process and the preliminary injunction motion via alternative means (email), and the Court granted this motion. Dkt. Nos. 8, 11. Although Defendants responded via email to Plaintiff's

---

[1] This order refers to filings by CM/ECF page numbers. Although Plaintiff requested oral argument on its motion for preliminary injunction, the Court finds that the motion is suitable for resolution based on the briefing and pleadings.

ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY INJUNCTION - 1

emailed notification of this action and the preliminary injunction motion (Dkt. No. 13-2 at 2), Defendants did not file an opposition to Plaintiff's motion for preliminary injunction, nor have they appeared in this action. The clerk entered an order of default against Defendants on September 10, 2025. Dkt. No. 19.

Plaintiff's preliminary injunction motion contends that it owns 51 federally registered trademarks that Defendants have infringed and continue to infringe. Dkt. No. 8 at 6 & n.1 (citing Dkt. No. 8-1). More specifically, Plaintiff argues that Defendants have been selling industrial equipment and supplies and related goods and services using names and websites that "mimic [Plaintiff's] commercial presentation and identity. These unauthorized sales create consumer confusion and threaten to erode the goodwill Global has built through decades of continuous use nationwide." *Id*. at 7.

Plaintiff argues that it is likely to prevail on the merits of its trademark infringement and Washington Consumer Protection Act claims; Defendants' infringing activity causes irreparable harm to Plaintiffs' goodwill, brand identity, and customer relationships; Defendants will suffer minimal hardship if required to stop their infringing activities; and the public interest is served by protecting them from confusion by enjoining infringing activity. Dkt. No. 8 at 15–28. Accordingly, Plaintiff contends that it satisfies the four factors needed to justify a preliminary injunction. *Id.* (citing *Washington v. DeVos*, 481 F. Supp. 3d 1184, 1191–92 (W.D. Wash. 2020)). The Court construes Defendants' failure to oppose Plaintiff's motion as "an admission that the motion has merit." Local Rules W.D. Wash. LCR 7(b)(2). Under these circumstances, the Court will grant Plaintiff's motion and finds that there is no need for Plaintiff to post a bond. *See, e.g., 2Die4Kourt v. Hillair Cap. Mgmt., LLC*, 692 F. App'x 366, 369 (9th Cir. 2017) (explaining that when a court finds that success on the merits is likely, "a minimal bond or no bond at all" is

appropriate (quoting *Van De Kamp v. Tahoe Reg'l Planning Agency*, 766 F.2d 1319, 1326 (9th Cir. 1985), *amended*, 775 F.2d 998 (9th Cir. 1985))).

For these reasons, the Court GRANTS Plaintiff's motion (Dkt. No. 8) and preliminarily ENJOINS and RESTRAINS Defendants and each of their officers, directors, employees, agents, servants, representatives, and affiliates from:

(a) using the mark GLOBAL and other variants of the same, including GLOBAL INDUSTRIAL; GLOBALINDUSTRIAL.COM; [GLOBAL logo]; [globalindustrial.com logo]; [GLOBAL INDUSTRIAL logo], or any other confusingly similar marks (collectively, "GLOBAL Marks") in connection with industrial equipment and supplies and related goods and services or any other related goods or services;

(b) using <http://global-racking.com/en/home.aspx>; <https://www.global-lockit.com/en/home.aspx>; <https://www.global-wmp.com/>; <https://www.global-allplastic.com/en/home.aspx> and <https://global-storagesolutions.com/> or any other domain name incorporating the GLOBAL Marks or other confusingly similar marks;

(c) engaging in any other activity constituting infringement of Plaintiff's GLOBAL Marks; and engaging in any unfair competition with Plaintiff.

All those acting in active concert or participation at the direction of, or in contractual privity with the above-enjoined parties, including domain name registrars, web hosting services, and social media platforms, are also preliminarily ENJOINED and RESTRAINED from facilitating, permitting, or otherwise enabling Defendants to engage in any of the actions restrained by this Order, including allowing anything to be displayed on <http://global-racking.com/en/home.aspx>; <https://www.global-lockit.com/en/home.aspx>; <https://www.global-wmp.com/ >; <

ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY INJUNCTION - 3

https://www.global-allplastic.com/en/home.aspx_> and <https://global-storagesolutions.com/> other than a notice of suspension.

Dated this 3rd day of October, 2025.

*Kymberly K. Evanson*
Kymberly K. Evanson
United States District Judge