UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GLOBAL EQUIPMENT COMPANY INC.,<br><br>Plaintiff(s),<br>v.<br><br>GLOBAL STORAGE EQUIPMENT MANUFACTURER LIMITED, et al.,<br><br>Defendant(s). | CASE NO. C25-1269-KKE<br><br>ORDER TO FILE SUPPLEMENTAL BRIEFING |

The Court previously entered default judgment against Defendant All-Lift Warehouse Solutions, Inc. ("All-Lift") (along with other Defendants) in November 2025, and amended the judgment to reflect an award of attorney's fees and costs and correct party names in January and February 2026. Dkt. Nos. 28, 34, 38. Plaintiff attempted to enforce the judgment against All-Lift and discovered that All-Lift had ceased operations in 2023. Dkt. No. 41-2. Plaintiff believes that All-Lift continues its business via another entity, 750127NB Inc. *See* Dkt. No. 42 ¶ 2. Plaintiff now moves to amend the default judgment to join 750127NB Inc. to the judgment against All-Lift, under Federal Rule of Civil Procedure 25(c). Dkt. No. 40.

Plaintiff's motion, however, does not address the process due 750127NB Inc. in this situation. The record does not reflect that 750127NB Inc. has received notice of Plaintiff's motion or this lawsuit. The Court is aware of authority indicating that it is improper to hold a default entered against one corporation against an alter ego corporation without first giving the alter ego

an opportunity to defend itself. *See, e.g.*, *AF Holdings, LLC v. Chowdhury*, No. 12-cv-12105-IT, 2019 WL 404030 (D. Mass. Jan. 31, 2019) (distinguishing *Rodriguez-Miranda v. Benin*, 829 F.3d 29 (1st Cir. 2016); *Minnesota Min. & Mfg. Co. v. Eco Chem., Inc.*, 757 F.2d 1256 (Fed. Cir. 1985)). Other cases cited by Plaintiff do not involve substitution post-entry of default judgment. *See Herrera v. Singh*, 118 F. Supp. 2d 1120 (E.D. Wash. 2000); *Kowalski v. Integral Seafood LLC*, Civ. Nos. 05-00679 BMK & 06-00182 BMK, 2007 WL 1376378 (D. Haw. May 4, 2007).

The Court thus finds that supplemental briefing on the process due 750127NB Inc. is necessary to the Court's resolution of Plaintiff's pending motion. No later than October 2, 2026, Plaintiff is ORDERED file a supplemental brief addressing this issue. The clerk is directed to RE-NOTE Plaintiff's motion (Dkt. No. 40) for October 2, 2026.

Dated this 21st day of September, 2026.

Kymberly K Evanson

Kymberly K. Evanson
United States District Judge